**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **CORNER GARDEN PRODUCE, LLC,** | ) | |
| **a Florida Limited Liability Co., and** | ) | **CASE NO.** |
| **DORIAN LAWILLIAMS SPEAKER,** | ) | |
| **an Individual,** | ) | |
| | ) | **COMPLAINT** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiffs, CORNER GARDEN PRODUCE, LLC, a Florida Limited Liability Co., and DORIAN LAWILLIAMS SPEAKER, an Individual, hereby sue the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

FACTUAL BACKGROUND

1.  The Plaintiff owns and operates a small retail store in Saint Petersburg, Florida, named Corner Garden Produce, LLC (hereinafter "Corner"). The store, which has been a neighborhood staple, functions as a small grocery store for local residents.

2.  Corner completed an application to participate in the Supplemental Nutrition Assistance Program as an authorized retailer. Such authorization would grant the Plaintiffs the ability to accept EBT payments and better serve Corner's customer base.

3.  On August 5, 2019, the USDA, through the FNS, sent the Plaintiffs a letter indicating that their authorization to participate as a retail food store in SNAP under license number FNS 0682523, was denied permanently.

4.  In support of the USDA's position, the Department indicated that federal regulations at 7 C.F.R. §278.1(k)(3) requires FNS to deny the authorization of any firm that it determines lacks the necessary business integrity and reputation, as specified in 7 C.F.R. §278.1(b)(3), to further the

1

purposes of SNAP.  Based upon information in the record, FNS determined that the Plaintiffs lacked the requisite business integrity to further the purposes of SNAP and denied their application permanently for participation in SNAP.

5.      In support of the decision to permanently deny the Plaintiffs' authorization, the Department cited that, "[f]irms for which records of criminal conviction or civil judgment against the owners, officers, or managers exist, shall be denied authorization permanently under 7 CFR 278.1(b)(3)(i)(A) and 7 CRF 278.1(k)(3)(l).  According to the USDA's records, the USDA took issue solely with Dorian Speaker's 2001 conviction under Florida State Statute 843.02, titled 'Obstructing or Resisting Officer Without Violence to his or her Person'… was deemed a business integrity risk."

6.      However, the Defendant's decision materially misstates the law, an issue which has been addressed by a case on point: ***Astoria vs. United States***, 3:18-CV-01367-AC, Dkt. 47, (D. Oregon Dec. 16th, 2019) (pending entry by the District Court Judge).  In pertinent part, the regulation upon which the Defendant based its decision states unequivocally that only convictions for business related and veracity crimes are grounds for disqualification.

> "(3) The business integrity and reputation of the applicant. FNS shall deny the authorization of any firm from participation in the program for a period of time as specified in paragraph (k) of this section based on consideration of information regarding the business integrity and reputation of the firm as follows:
>
> (i) Conviction of or civil judgment against the owners, officers or managers of the firm for:
> > (A) Commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction;
> >
> > (B) Commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, receiving stolen property, making false claims, or obstruction of justice; or
> >
> > (C) Violation of Federal, State and/or local consumer protection laws or other laws relating to alcohol, tobacco, firearms, controlled substances, and/or gaming licenses."  7 CFR §278.1(k)(3)

7.      The Plaintiffs timely filed a Request for Administrative Review as permitted by 7 C.F.R. §279, and presented arguments that an unrelated criminal conviction that was nearly two decades old was not grounds for the denial and that the Department has exceeded its authority under 7 U.S.C. §2018 in qualifying a past drug charge as an issue of business integrity.

8.      The Administrative Review Branch of the FNS responded to the Plaintiffs' appeal in a letter and opinion entitled Final Agency Decision, dated December 11, 2019, which was received December 13, 2019, and attached hereto as **Exhibit "A"**.  The Plaintiffs' administrative appeal was denied and the Defendant upheld the disqualification.

9.      This Judicial Appeal has been filed as a result thereof. The Plaintiffs seek the reversal of the USDA's finding to permanently deny the application of the Plaintiffs' application to participate as a SNAP retailer.

## JURISDICTION AND VENUE

10.     The Plaintiffs bring this action based upon their disqualification from eligibility to participate in the Supplemental Nutrition Assistance Program, as codified by Congress in 7 U.S.C. §§ 2011 – 2036(c).

11.     This Court has subject matter jurisdiction over the matters raised by the Plaintiffs in this case pursuant to 7 U.S.C. §2023, and 7 C.F.R. §279.7.  Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

12.     Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13) and 28 U.S.C. §1391(b) as this Plaintiffs' business was owned and operated in the District of Florida, and because the facts giving rise the circumstances herein occurred in the Middle District of Florida.

**PARTIES**

13.    The Plaintiff, CORNER GARDEN PRODUCE, LLC, a Florida Limited Liability Company operates at 2300 4th Ave. S., Saint Petersburg, Florida 33712-1609.  Corner Garden Produce, LLC is referred to herein with the other Plaintiffs collectively as "Corner."

14.    The Plaintiff, DORIAN LAWILLIAMS SPEAKER, an Individual, is a natural person and a resident of Saint Petersburg, Florida.  Mr. Speaker is referred to collectively with the other Plaintiff as "Corner" herein.

15.    The Defendant, the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and its subservice, the Food and Nutrition Service.  The Defendant may be referred to herein as "the Government" or "the Department".

**GENERAL ALLEGATIONS**

16.    The Supplemental Nutrition Assistance Program (SNAP) is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically as 7 U.S.C. §§2011-2036(c).

17.    The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet certain financial need requirements.  SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based upon the needs of their household.  These benefits are transmitted to, and utilized by the participant, through an Electronic Benefits Transfer (EBT) card, which conceptually functions similar to a debit card.

18.    The benefits are to be used by the participant only for the purchase of food and other eligible items sold by an approved SNAP retailer, such as Corner.

19.     In turn, the Department receives its authorization and authority pursuant to Congress' action as outlined in 7 U.S.C. §2018, with respect to the authorization and/or denial of retailers.

20.     In this instance, the Department has based its decision to deny the Appellants' application based upon the business integrity of the firm.

21.     Authorization to do so comes from 7 U.S.C. §2018(a)(1)(D), which states, in pertinent part, that the Department may consider the business integrity and reputation of the applicant in authorizing or denying participation.  *See United States v. J & K Mkt. Centerville, LLC*, 679 F.3d 709, 712 (8th Cir. 2012).

22.     The implementing regulations of 7 U.S.C. §2018 are set forth in 7 C.F.R. §278.1, which states, in pertinent part:

> "FNS shall deny the authorization of any firm from participation in the program for a period of time as specified in paragraph (k) of this section based on consideration of information regarding the business integrity and reputation of the firm as follows:
>
> > (i)     Conviction of or civil judgment against the owners, officers or managers of the firm for:
> >
> > > (A) Commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public or private agreement or transaction;
> > >
> > > (B) Commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, receiving stolen property, making false claims, or obstruction of justice; or
> > >
> > > (C) Violation of Federal, State and/or local consumer protection laws or other laws relating to alcohol, tobacco, firearms, controlled substances, and/or gaming licenses."  *See* 7 C.F.R. §278.1(b)(3)(i).

23.     Pursuant to §278.1(k)(3), FNS shall deny the application of any firm permanently if it determines that "the firm has been found to lack the necessary business integrity and reputation to further the purposes of the program," as stipulated in §278.1(b)(3)(i).

5

24.     In this case the items to be decided herein are: (1) whether the Plaintiff's prior charges are grounds for withdrawing approval by FNS and; (2) whether the charges "damaged [Plaintiffs'] business integrity and reputation to the extent that the withdrawal was justified?" *Spurs v. United States,* 424 F. Supp. 977, 978 (W.D. La. 1977).

25.     The Plaintiffs have been permanently denied their authorization to participate as a SNAP authorized retailer, resulting in damage to the Plaintiffs.

## PLAINTIFFS' ALLEGATIONS

26.     The Plaintiffs do not have access to the Administrative Record.  At no point in this process have the Plaintiffs been given access to any records (aside from the Letter, issuance of the permanent denial of their authorization to participate as a SNAP authorized retailer, and Final Agency Decision and a heavily redacted FOIA response) relied upon by the Department in its analysis.[1]

27.     Furthermore, there have been no decisions made by Administrative Law Judges, Department Attorneys or other legal-trained individuals who could adequately weigh the evidence before the Department during the administrative process to date.

28.     What little Due Process actually exists in this process is borne out only here, at the Judicial Review stage of the case.

29.     In 1999, 7 C.F.R. §278.1(b)(3) was amended by FNS with the intent to "strengthen integrity and eliminate fraud" within SNAP.  *See Food Stamp Program: Retailer Integrity, Fraud Reduction and Penalties,* 64 FR 23165-01 (Apr. 30, 1999) (hereinafter referred to as guidance on the "Final Rule").  The current form of 7 C.F.R. §278.1(b)(3) as set forth in the above section is the result of said amendment.  The guidance issued with the Final Rule explained that the "business integrity

---

[1] FOIA requests can be and have been made, but they produce documents that are almost entirely redacted.

of a firm is critically important to the effective operation of [the program]." *Final Rule*, 64

Fed.Reg. at 23168-06.

30.     FNS made it clear in the guidance that the focus of the criteria in the amendment was on

"business-related activities," <u>not</u> general convictions by stating the following:

> "[T]he criteria in this final rulemaking … focus on the business integrity
> and reputation of the ownership and management of those firms seeking
> authorization or reauthorization in the program.  Fraudulent activity in
> the [program] or other government programs, or in business related
> activities in general, reflects on the ability of a firm to effectuate the
> purposes of the [program] and abide by the rules governing the
> program." *See Warren v. United States*, No. CV 14-154-GFVT, 2015
> WL 5321765, at *8 (E.D. Ky. Sept. 11, 2015) (quoting *Final Rule*, 64
> Fed.Reg. at 23168-07).

31.     FNS continued to explain that a conviction or civil judgment issued against the ownership

or management of the firm, warranting permanent denial from SNAP, that would affect the

business integrity of said firm is as follows:

> "embezzlement, theft, forgery, bribery, false statements, receiving stolen
> property, false claims, or obstruction of justice; **commission of fraud in
> connection with obtaining, attempting to obtain, or performing a
> public or private agreement or transaction**; and violation of Federal,
> State and/or local consumer protection laws or other laws relating to
> alcohol, tobacco, firearms, controlled substances and/or gaming licenses."
> *Final Rule*, 64 Fed.Reg. at 23168-07 (*emphasis added*).

32.     There was no intent on the part of the Defendant to draft rules that would have denied the

Plaintiffs authorization, nor is there any language within the rules that would permit such a denial.

## COUNT I: REQUEST FOR JUDICIAL REVIEW

33.     The Plaintiffs incorporate and restate each and every paragraph set forth above as though

fully set forth herein.

34.     The Plaintiffs, pursuant to 7 U.S.C. §2023 and 7 C.F.R. §279.7 have the right to, and hereby

do request a *de novo* judicial review of the finding of by the Defendant.

35.     The Plaintiffs maintain that should not be permanently denied participation in the SNAP program as an authorized retailer, as they do not meet any of the other criterion necessary to the issuance of the denial as stated by the Defendant for grounds of business integrity.

36.     Instead, the Plaintiffs have good business integrity, and nothing in the administrative record would indicate otherwise.

37.     The Defendant's denial of the Plaintiffs' application was arbitrary and capricious in nature given that the denial cites a regulation which does not authorized such a denial.

38.     The Defendant's decision was both invalid and inaccurate for those reasons set forth above, as well as such further reasons as may be uncovered during the discovery phase of this matter.

39.     Accordingly, the finding of permanent denial of participation in the SNAP program as an authorized retailer should be reversed.

40.     Furthermore, to the extent that the Plaintiffs incur attorneys' fees and court costs in conjunction with this Judicial Appeal, the Defendant should be made to pay such fees and costs.

        **WHEREFORE**, the Plaintiffs, CORNER GARDEN PRODUCE, LLC, a Florida Limited Liability Co., and DORIAN LAWILLIAMS SPEAKER, an Individual, respectfully ask this Court to conduct a *de novo* review of this matter, conduct a trial upon the merits of the Plaintiffs' case, and enter Judgment reversing the permanent denial of participation in the SNAP program as an authorized retailer, as well as awarding the Plaintiffs any attorney's fees and court costs they may incur in this matter.

Dated: January 13, 2020                          Respectfully submitted,

                                                 METROPOLITAN LAW GROUP, PLLC

                                                 *Andrew Z. Tapp*

                                                 ANDREW Z. TAPP, ESQ.
                                                 Florida Bar No.: 68002
                                                 1971 W. Lumsden Road, #326
                                                 Brandon, Florida 33511-8820

(813) 228-0658
Andrew@Metropolitan.Legal
LaJeana@Metropolitan.Legal

**COUNSEL FOR PLAINTIFFS**