Exhibit "A"

**United States Department of Agriculture**



Food and Nutrition Service

Retailer Policy and Management Division

Administrative Review Branch

3101 Park Center Drive, 4th Floor, Alexandria, VA 22302

Phone: (385) 214-8706

Fax: (844) 387-1337

Jon.Yorgason @usda.gov

December 11, 2019

Andrew Z. Tapp, Esq.
Metropolitan Law Group
1971 W. Lumsden Rd.
Suite 326
Brandon, FL 33511-8820

Re: Case Number C0220645
Corner Garden Produce LLC
2300 4th Ave S
Saint Petersburg, FL 33712-1609

Dear Counselor:

Enclosed is the Final Agency Decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS) in response to your request for Administrative Review postmarked August 22, 2019. Also included therein is a statement regarding your rights to a judicial review.

It is the decision of the USDA that there is sufficient evidence to support the Retailer Operations Division's permanent denial of the application of Corner Garden Produce LLC to participate as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP).

Sincerely,

JON YORGASON
Administrative Review Officer

Enclosure

cc: Dorian Lawilliams Speaker, store owner

**U.S. Department of Agriculture**
**Food and Nutrition Service**
**Administrative Review Branch**

| | |
|---|---|
| Corner Garden Produce LLC, | |
| Appellant, | |
| v. | **Case Number: C0220645** |
| Retailer Operations Division, | |
| Respondent. | |

## FINAL AGENCY DECISION

It is the decision of the U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS) that there is sufficient evidence to support the Retailer Operations Division's permanent denial of the application of Corner Garden Produce LLC (hereinafter "Appellant") to participate as an authorized retailer in the Supplemental Nutrition Assistance Program (SNAP).

## ISSUE

The issue accepted for review is whether or not the Retailer Operations Division took appropriate action, consistent with Title 7 Code of Federal Regulations (CFR) Part 278, in its administration of SNAP when it permanently denied the application of Corner Garden Produce LLC.

## AUTHORITY

7 U.S.C. § 2023 and its implementing regulations at 7 CFR § 279.1 provide that "[A] food retailer or wholesale food concern aggrieved by administrative action under § 278.1, § 278.6 or § 278.7 . . . may file a written request for review of the administrative action with FNS."

## CASE CHRONOLOGY

The Appellant firm originally applied to participate as a retailer in SNAP on July 5, 2019. On the SNAP application, Question #16 asks, "Was any officer, owner, partner, member, and/or manager convicted of any crime after June 1, 1999?" The Appellant marked "yes," and explained that store owner Dorian Speaker had been convicted of two crimes: aggravated battery in 1999 and violation of probation in 2001.

On July 19, 2019, the Retailer Operations Division requested from the Appellant additional information and evidence regarding the criminal convictions. In response to this letter, the Appellant owner submitted two documents. The first showed that Mr. Speaker was arrested in

1

November 1999 and later convicted of a second-degree felony on the charge of aggravated battery. The second document showed several infractions, including what appears to be a violation of probation in August 2001, a county ordinance violation in 2008, and two violations in May 2001: driving while license suspended or revoked (third degree felony) and obstructing or resisting officer without violence (first degree misdemeanor). The evidence shows that for the May 2001 crimes, Mr. Speaker was convicted and sentenced to 18 days in jail.

After reviewing the Appellant's documentation, the Retailer Operations Division determined that Mr. Speaker's misdemeanor obstruction conviction constituted a lack of business integrity in accordance with SNAP regulations at 7 CFR § 278.1(b)(3)(i). As a result, the Appellant's application was permanently denied pursuant to 7 CFR § 278.1(k)(3)(i). A letter of denial, dated August 5, 2019, was sent to the Appellant on August 9, 2019.

In a letter postmarked August 22, 2019, the Appellant, through counsel, requested an administrative review of the Retailer Operations Division's decision. The request was granted.

It is noted that on October 1, 2019, the Appellant, through counsel, requested information from the agency's case file in a request submitted under the Freedom of Information Act (FOIA). FNS responded to this FOIA request via e-mail on November 19, 2019. On December 10, 2019, Appellant's counsel submitted a nine-page brief outlining its contentions in this case.

## STANDARD OF REVIEW

In an appeal of adverse action, such as an application denial, an appellant bears the burden of proving by a preponderance of the evidence that the administrative action should be reversed. This means that an appellant has the burden of providing relevant evidence which a reasonable mind, considering the record as a whole, would accept as sufficient to support a conclusion that the matter asserted is more likely to be true than not true.

## CONTROLLING LAW AND REGULATIONS

The controlling law in this matter is found in the Food and Nutrition Act of 2008, as amended (7 U.S.C. § 2018), and promulgated through regulation under Title 7 CFR Part 278. In particular, 7 CFR § 278.1(k) provides the authority upon which FNS shall deny the authorization of any firm applying for participation in SNAP if it fails to meet established business integrity criteria.

7 CFR § 278.1(k) reads, in relevant part:

```
FNS shall deny the application of any firm if it determines that:

(3) The firm has been found to lack the necessary business
integrity and reputation to further the purposes of the program.
Such firms shall be denied authorization in the program for the
following period of time:

   (i) Firms for which records of criminal conviction or civil
   judgment exist that reflect on the business integrity of
```

2

```
owners, officers, or managers as stipulated in §278.1(b)(3)(i)
shall be denied authorization permanently.
```

7 CFR § 271(b)(3) states, in relevant part:

```
(3) The business integrity and reputation of the applicant. FNS
shall deny the authorization of any firm from participation in
the program for a period of time as specified in paragraph (k) of
this section based on consideration of information regarding the
business integrity and reputation of the firm as follows:

   (i) Conviction of or civil judgment against the owners,
   officers or managers of the firm for:

      (A) Commission of fraud or a criminal offense in connection
      with obtaining, attempting to obtain, or performing a
      public or private agreement or transaction;
      (B) Commission of embezzlement, theft, forgery, bribery,
      falsification or destruction of records, making false
      statements, receiving stolen property, making false claims,
      or obstruction of justice; or
      (C) Violation of Federal, State and/or local consumer
      protection laws or other laws relating to alcohol, tobacco,
      firearms, controlled substances, and/or gaming licenses.
```

## APPELLANT'S CONTENTIONS

The Appellant, through counsel, made the following summarized contentions in its request for administrative review, in relevant part:

- Appellant seeks reversal of the decision to permanently deny its application to participate as a retailer in SNAP.
- It is the Appellant's position that the 2001 obstruction charge, which occurred during a time in which Corner Garden Produce LLC was not authorized in SNAP, is not reasonably related to an issue of business integrity and that USDA has exceeded its authority under 7 U.S.C. § 2018 in determining that the prior conviction is an issue of business integrity.
- Permanent denial is not reasonable in light of the regulations or statutes governing SNAP. The disqualification is tantamount to a jail sentence in one state for a speeding ticket incurred in another state.
- Without a correlation between the Appellant's ongoing business integrity (specifically the integrity of the firm's ownership or management), there is no basis for USDA to now determine that such a severe penalty should be implemented.
- Pursuant to 7 CFR § 279.6, the Administrative Review Branch (ARB) is granted the opportunity to seek counsel regarding questions of law in these matters. As such, Appellant requests that ARB seek legal advice regarding the case law, statutes, and regulations mentioned by the Appellant and the Appellant's position that the grounds for denial in this matter are not reasonably tied to business integrity. Appellant further requests that ARB seek guidance with respect to the regulation's arbitrary nature; the

3

regulation exceeding Congress' mandate as set forth in 7 U.S.C. § 2018; a permanent withdrawal of the Appellant's application that does not fit the regulation; and the specifics of the charges brought against the Appellant. These matters are of the utmost importance to the Appellant's case and no decision would be appropriate under the circumstances without legal interpretation of the issues raised.

- The issues of law to be decided in this case are whether Mr. Speaker's prior conviction, which occurred nearly 20 years ago, is grounds for denying authorization by FNS and whether the charges damaged the Appellant's business integrity and reputation to the extent that denial was justified.

- In 1999, 7 CFR § 278.1(b)(1) was amended by FNS with the intent to "strengthen integrity and eliminate fraud" within SNAP. The guidance issued with the Final Rule made it clear that the focus of the criteria in the amendment was on "business-related activities." The guidance issued with the proposed rule set forth examples of the criminal convictions or civil liability which would have a bearing on business integrity matters, including offenses such as insurance fraud, tax fraud, and embezzlement.

- Based on a clear reading of the regulation and the related guidance issued with the rule, there is no doubt that the scope of business integrity, with regard to prior convictions and civil liabilities, is limited to business-related activities such as fraud or embezzlement – activities intended to mislead and/or defraud a government agency/business deal.

- FNS's erroneous interpretation of 7 CFR § 278.1(b)(3)(i)(B), concludes that a conviction of obstruction of justice encompasses the same obstruction as outlined in Florida State Statute 843.02. However, this interpretation exceeds the scope and intention of the regulation. Based on a reading of the regulation and the accompanying guidance, it is clear that the focus on crimes and/or convictions concerning business integrity involve fraud and similar "white collar crimes" rather than obstructing or resisting a law enforcement officer without violence.

- Mr. Speaker's misdemeanor charge categorized as "obstruction or resistance without violence" consisted of him "refusing to be handcuffed and/or pulling away from officers and/or tensing his arms and/or twisting his body…" This incident occurred nearly 20 years ago, long before Mr. Speaker acquired the subject firm and submitted an application to become an authorized SNAP retailer. This 20 year-old conviction cannot be found to be within the intended scope of "obstruction of justice" under § 278.1(b)(3)(i)(B), which is clearly limited to business-related activities, such as embezzlement and/or fraud. As such, the Appellant's permanent denial from SNAP was arbitrary and capricious and therefore should be amended.

- USDA has overreached in its authority to determine that Mr. Speaker's prior conviction, which merely includes the word "obstruct" in the statute, automatically falls within the meaning of "obstruction of justice" intended by the SNAP regulations, thus warranting denial of the Appellant's SNAP application.

- Where there is no fraud, deception, or business link to other wrongdoing, there should be no concern for USDA that the store would somehow be more prone to SNAP violations. From a public policy standpoint, a permanent denial of the Appellant's application is an unwarranted stretch of the business integrity language in the statute and regulation.

4

The preceding may represent only a brief summary of the Appellant's contentions presented in this matter. However, in reaching a final decision, full attention was given to all contentions presented, including any not specifically summarized or explicitly referenced herein.

## ANALYSIS AND FINDINGS

The purpose of this review is to either validate or invalidate the earlier determination of the Retailer Operations Division. Thus, the decision made by this review is based on the relevant facts and circumstances as they existed at the time that the Retailer Operations Division rendered its decision. This review is limited to determining whether or not the denial decision was made in accordance with existing regulation.

The primary issue under consideration is whether or not the Appellant has the necessary business integrity and reputation, in accordance with regulation, to further the purposes of the Supplemental Nutrition Assistance Program. The USDA holds that the business integrity of a firm is critically important to the effective operation of SNAP. Therefore, the criteria outlined in the regulations focus on the business integrity and reputation of the owners, officers, and managers of firms seeking SNAP authorization. Prior criminal convictions relating to business integrity reflect on the ability of a firm to effectuate the purposes of SNAP and abide by the rules governing the program. Obstruction of justice is specifically mentioned in the regulations as a crime that affects a person's business integrity.

A review of the Appellant owner's offender record from the state of Florida shows that Dorian Speaker was convicted in 2001 of a first degree misdemeanor charge of "obstructing or resisting officer without violence," a violation of Florida Statute Title XLVI, Chapter 843, Section 2.

The language of the statute is as follows: "Whoever shall resist, obstruct, or oppose any officer as defined in s. 943.10(1), (2), (3), (6), (7), (8), or (9); member of the Parole Commission or any administrative aide or supervisor employed by the commission; county probation officer; parole and probation supervisor; personnel or representative of the Department of Law Enforcement; or other person legally authorized to execute process in the execution of legal process or in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083."

It is noted that Chapter 843 of Title XLVI is entitled, "Obstructing Justice." Resisting an officer without violence, as described in Section 2 of this chapter, is one of roughly 30 varieties of crimes that fall under the heading, "Obstructing Justice."

In accordance with 7 CFR § 278.1(b)(3)(i)(B) and § 278.1(k)(3)(i), FNS shall permanently deny the authorization of any firm in which there is a conviction or civil judgment against the owners, officers or managers of the firm for "commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, receiving stolen property, making false claims, or **obstruction of justice**" (emphasis added). According to Florida statute, the charge against Mr. Speaker was, in fact, obstructing justice. The denial decision by the Retailer Operations Division was made because the crime in question was obstruction of justice according

to Florida law, and not because the conviction "merely" included the word "obstruct" in the statute, as the Appellant suggests.

Because Mr. Speaker's conviction occurred after June 1, 1999 (which is the date the business integrity provisions of the regulations became effective), the regulations state that the Appellant's SNAP application must be permanently denied because Mr. Speaker's business integrity and reputation are lacking to such a degree that his firm does not further the purposes of the program.

The regulations have clearly set out the position of USDA with regard to the business integrity of participating retailers. If the matter violates the provisions of 7 CFR § 278.1(b)(3), action to deny an application must be taken accordingly. This review can find no evidence of overreach on the part of the agency, as it is reasonable to conclude that the Appellant owner's conviction falls within the criminal offenses described in paragraph (b)(3)(i)(B) of Section 278.1. This review can find no evidence that business integrity convictions are limited only to "white collar crimes," or that an obstruction charge must be directly connected with fraud or criminal activity of a business nature. In this case, Mr. Speaker obstructed justice and was convicted of this crime in a court of law. It is justifiable for FNS to be gravely concerned about such a person participating as a retailer in SNAP. Regardless of the circumstances surrounding the obstruction charge, FNS has determined that a person convicted of any variation of obstruction of justice is too great a risk to take on in such an important government program. Because the conviction fits within the parameters of § 278.1(b)(3)(i), it is the finding of this review that permanent disqualification is appropriate and was applied in accordance with regulation at § 278.1(k)(3)(i).

As to the fact that Mr. Speaker's conviction occurred nearly 20 years ago and the fact that the Appellant was not an authorized SNAP retailer at the time, such arguments are not relevant to this matter. As long as the conviction occurred after June 1, 1999, FNS is well within its authority to impose permanent denial of the Appellant's application.

### Consideration of 7 CFR § 279.6

The Appellant, through counsel, has cited Section 279.6 of the SNAP regulations, which addresses questions of law as well as extensions of time for providing information in support of a request for administrative review. The Appellant appears to be concerned primarily with paragraph (a) of this section, which states:

> *Advice from Office of the General Counsel.* If any request for review involves any doubtful questions of law, the Benefit Redemption Division shall obtain the advice of the Department's Office of the General Counsel.

The Benefit Redemption Division, which has been renamed the Retailer Policy and Management Division, is the division of FNS where the Administrative Review Branch (ARB) is located. The Appellant has requested that ARB seek counsel regarding questions of law in this case. In particular, the Appellant requests that ARB seek legal advice regarding applicable case law, statute, and regulations, as well as the Appellant's position that the grounds for denial in this matter are not reasonably tied to business integrity. The Appellant further requests that ARB "seek guidance with respect to the following issues: (1) the Regulation's arbitrary nature, (2) the

6

Regulation exceeding Congress' mandate as set forth in 7 U.S.C. § 2018, (3) a permanent withdrawal of the Appellants' application that does not fit the regulation; and (4) the specifics of the charges brought against the Appellants." According to the Appellant, these matters are critical to its case and no decision would be appropriate under the circumstances without legal interpretation of the issues raised.

With regard to the Appellant's request that ARB seek legal advice in this matter, Section 279.6(a) of the SNAP regulations addresses <u>agency</u> discretion in the handling of administrative review cases. At the administrative review level, it is up to the agency, not the Appellant, to determine if there are "doubtful questions of law." This regulatory provision does not extend discretion to the Appellant in deciding when the agency should ask the Office of General Counsel (OGC) for legal advice. If an appellant is dissatisfied with a Final Agency Decision, 7 U.S.C. § 2023 provides for the right to a judicial review of that decision. In this case, the administrative review officer has reviewed all available evidence and has concluded that the obstruction of justice conviction of Mr. Speaker falls within the business integrity parameters outlined in 7 CFR § 278.1(b)(3). As such, a "doubtful question of law" does not exist and an inquiry with OGC is unnecessary. Should the Appellant disagree with this finding, it has the option to file a complaint in court, where the matter can be addressed further.

## CONCLUSION

The documentation in the case record clearly shows that the Appellant store owner, Dorian Speaker, was criminally convicted of obstructing justice in the state of Florida in 2001. This criminal offense shows a lack of business integrity and reputation to such a degree that the Appellant does not further the purposes of the program. Accordingly, and based on the analysis above, the decision by the Retailer Operations Division to permanently deny the authorization of Corner Garden Produce LLC to participate as a retailer in SNAP is sustained.

## RIGHTS AND REMEDIES

Applicable rights to a judicial review of this decision are set forth in Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. § 2023) and in Section 279.7 of the SNAP regulations. If a judicial review is desired, the complaint, naming the United States as the defendant, must be filed in the U.S. District Court for the district in which the Appellant owner resides or is engaged in business, or in any court of record of the State having competent jurisdiction. If a complaint is filed, it must be filed within 30 days of receipt of this decision.

Under the Freedom of Information Act, we are releasing this information in a redacted format as appropriate. FNS will protect, to the extent provided by law, personal information that could constitute an unwarranted invasion of privacy.


JON YORGASON                                    December 11, 2019
Administrative Review Officer



UPS NEXT DAY AIR

TRACKING #: 1Z 377 0W2 24 3594 5978

**FL 336 9-04**    1

SHIP TO:
ANDREW Z. TAPP, ESQ.
METROPOLITAN LAW GROUP
SUITE 326
1971 W. LUMSDEN RD.
BRANDON FL 33511-8820

PAMELA KIRBY
PHS/RIO/SNAP/ARB
3101 PARK CENTER DR 4TH FLR
ALEXANDRIA VA 223012

0.0 LBS    LTR    1 OF 1

BILLING: P/P
SIGNATURE REQUIRED

NAME OF SHIPPER: Corner Garden Produce LLC
Reference # 2: C0220645 FAD JY

WNTNV50 20.0A 10/2019    15.21.5-48

12/13

FOLD HERE

UPS CampusShip: View/Print Label

1. **Ensure there are no other shipping or tracking labels attached to your package.** Select the Print button on the print dialog box that appears. **Note:** If your browser does not support this function select Print from the File menu to print the label.

2. **Fold the printed label at the solid line below.** Place the label in a UPS Shipping Pouch. If you do not have a pouch, affix the folded label using clear plastic shipping tape over the entire label.

3. **GETTING YOUR SHIPMENT TO UPS**
   **Customers with a Daily Pickup**
   Your driver will pickup your shipment(s) as usual.

   **Customers without a Daily Pickup**
   Take your package to any location of The UPS Store®, UPS Access Point(TM) location, UPS Drop Box, UPS Customer Center, Staples® or Authorized Shipping Outlet near you. Items sent via UPS Return Services(SM) (including via Ground) are also accepted at Drop Boxes. To find the location nearest you, please visit the Resources area of CampusShip and select UPS Locations.

   Schedule a same day or future day Pickup to have a UPS driver pickup all your CampusShip packages.

   Hand the package to any UPS driver in your area.

| UPS Access Point™ | UPS Access Point™ | UPS Access Point™ |
|---|---|---|
| DUTCH GIRL CLEANERS | CVS STORE # 1408 | THE UPS STORE |
| 4474 KING ST | 4606 KENMORE AVE | 2776 S ARLINGTON MILL DR |
| ALEXANDRIA, VA 22302 | ALEXANDRIA, VA 22304 | ARLINGTON, VA 22206 |